**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KIM BLANDINO,<br><br>　　　　　　　　　　Petitioner<br><br>　v.<br><br>JOSEPH LOMBARDO, et al.,<br><br>　　　　　　　　　　Respondents | Case No. 2:20-cv-02157-JAD-VCF<br><br>**Order Dismissing Petition<br>and Closing Case**<br><br>[ECF No. 1] |

*Pro se* Petitioner Kim Blandino filed this petition for writ of habeas corpus under 28 U.S.C. § 2241,[1] seeking emergency federal review related to his ongoing state criminal case. On initial review under the Rules Governing Section 2254 Cases,[2] I find that federal abstention is required, so I dismiss the petition without prejudice.

### Background[3]

Blandino is charged with extortion and impersonation of an officer in an indictment pending before the state district court in *State of Nevada v. Blandino*, Case No. C-19-341767-1. He is proceeding *pro se* with standby counsel. Trial is currently set for August 2021. Blandino moved for disqualification of multiple judges, which the state district court denied. The Nevada appellate courts have repeatedly denied Blandino's requests related to the criminal case on issues including competency, judicial disqualification, and a stay of the proceedings.[4]

---

[1] ECF No. 1. Blandino paid the $5.00 filing fee when filing the petition. ECF No. 1-2.

[2] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[3] This procedural history is derived from Blandino's allegations as well as his criminal matters in the Eighth Judicial District Court for Clark County ("state district court") and Nevada appellate courts. I take judicial notice of the online docket records of the state district court and Nevada appellate courts, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[4] *E.g.*, *Blandino v. Eighth Jud. Dist. Ct.*, No. 81765 (Nev. Nov. 6, 2020) (order denying petition for review); *Blandino v. Eighth Jud. Dist. Ct.*, No. 81765-COA (Nev. Ct. App. Sept. 25, 2020) (order denying petition for extraordinary relief); *Blandino v. Eighth Jud. Dist. Ct.*, No. 81327-COA (Nev. Ct. App. June 30, 2020) (order denying petition for extraordinary relief); *Blandino v. Lombardo*, Nos. 80541-COA and 80606-COA (Nev. Ct. App. Apr. 16, 2020) (order denying petitions for extraordinary relief); *Blandino v. Lombardo*, No. 80363-COA (Nev. Ct. App. Jan. 22,

In this federal petition, Blandino alleges that he is being denied an impartial judge in his state criminal case, which he claims as a violation of the Fifth and Fourteenth Amendments of the United States Constitution.[5] He asks this court to issue an order requiring the state to assign a trial judge from outside the state district court.[6]

## Discussion

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[7] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false,[8] or plagued by procedural defects.[9]

Blandino's petition seeks federal judicial intervention in a pending state criminal proceeding—which is simply not available here. The *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury.[10] The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding."[11] Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his defense of the criminal case.[12] As a general rule, a federal court will not entertain a petition seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in

---

2020) (order denying petition for writ of habeas corpus, mandamus, or certiorari); *Blandino v. Leavitt*, No. 79524-COA (Nev. Ct. App. Sept. 17, 2019) (order denying stay).

[5] ECF No. 1 at 6.

[6] *Id.* at 7.

[7] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[8] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[9] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[10] *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

[11] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings).

[12] *Younger*, 401 U.S. at 46.

the state courts.[13]

This case does not present extraordinary circumstances.  Blandino is challenging the impartiality of the judge assigned to his criminal case.  Defendants in state criminal proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance.  His situation is not different in substance from any criminal defendant facing potential loss of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution.  In addition, Blandino's pretrial motion practice or defenses at trial may eliminate any threat to his federally protected rights.  For these reasons, abstention is required and this matter must dismissed without prejudice.  Because the charges against Blandino are still pending, dismissal of this action without prejudice will not materially impact the analysis of any issue in a later filed habeas proceeding or otherwise result in substantial prejudice.

IT IS THEREFORE ORDERED that:

1. Petitioner Kim Blandino's Petition for Writ of Habeas Corpus **[ECF No. 1] is DISMISSED without prejudice**.

2. **A certificate of appealability is DENIED**, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court is instructed to:

1. DIRECT INFORMAL ELECTRONIC SERVICE upon Respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and sending a notice of electronic filing to his office for the Petition [ECF No. 1] and this order.  No response is required from Respondents other than to respond to any orders of a reviewing court.

---

[13] *E.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

2. ENTER FINAL JUDGMENT dismissing this action and CLOSE THIS CASE.

Dated: 1-19-2021

_____
U.S. District Judge Jennifer A. Dorsey

4