UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kim Blandino,<br><br>　　　　　　Petitioner<br>　v.<br><br>Joseph Lombardo, et al.,<br><br>　　　　　　Respondents | Case No. 2:20-cv-02157-JAD-VCF<br><br>**Order Denying Petitioner's<br>Emergency Motion to Reopen Case**<br><br>[ECF No. 12] |

　　*Pro se* Petitioner Kim Blandino filed this now-closed petition for writ of habeas corpus under 28 U.S.C. § 2241,[1] seeking emergency federal review of the decisions being made in the ongoing state criminal prosecution against him. Because I found that federal abstention was required under *Younger v. Harris*, I dismissed the petition.[2] Blandino now moves on an emergency basis to reopen this case.[3] Because he has not established a valid legal reason to do so, I deny the motion.

## Background

　　Blandino is charged in Nevada's Eighth Judicial District Court with extortion and impersonation of an officer.[4] He initiated this federal habeas action in November 2020, alleging that he is being denied an impartial judge in that criminal case, thus violating his Fifth and Fourteenth Amendment rights.[5] Because the goal of Blandino's petition was to get the federal court to intervene in his pending state criminal proceeding, I found that *Younger* abstention was

---

[1] ECF No. 1.

[2] ECF No. 6.

[3] The instant circumstances do not present an emergency under the rules of this court. *See* LR 7-4(c). Accordingly, this motion has been addressed in the normal course.

[4] *See* LR 7-4(c).

[5] ECF No. 1 at 6.

1

required[6] and dismissed the petition.[7] Blandino challenged that decision and requested a court order altering the house-arrest terms imposed by the state district court.[8] Because Blandino failed to show meritorious extraordinary circumstances creating a threat of irreparable injury, I denied those motions, too.[9]

Although Blandino acknowledges that his state criminal proceedings are still ongoing, he nevertheless moves to reopen this matter.[10] He explains that he filed this request on an emergency basis because he has been taking care of an individual who is 96-years-old and that "[h]er health is being dramatically and negatively affected day after day due to the uncertainty and worry she experiences because of the constitutional violations [Blandino] has experienced."[11] He adds that he is no longer allowed to file pleadings in his state criminal case because that court revoked his ability to represent himself, and he further claims that his judge is not impartial.[12] He argues that he now has evidence that his state criminal proceedings are "a bad faith prosecution" and that "no valid conviction can be obtained."[13] And he contends that these are extraordinary circumstances requiring this court to reopen his federal habeas case.[14]

---

[6] *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971).
[7] ECF No. 3 at 2.
[8] ECF No. 8.
[9] ECF No. 10.
[10] ECF No. 12 at 14.
[11] *Id*. at 11.
[12] *Id*.
[13] *Id.* at 19.
[14] *Id*.

**Discussion**

I liberally treat Blandino's motion as one for reconsideration of the dismissal of this petition. Requests to unwind a final order or judgment may be construed either as a motion to alter or amend judgment under Federal Rule of Civil Procedure (FRCP) 59(e) or as an FRCP 60(b) motion for relief from judgment.[15] "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."[16] A court may grant relief under Federal Rule of Civil Procedure 60(b) for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court.[17]

Regardless of which rule I consider Blandino's motion under, it fails. Blandino has not shown any appropriate legal basis to reopen his case, and his instant motion is essentially a reiteration of his previous motion to amend or alter judgment. Because Blandino has not provided a meritorious reason to reopen this case or reconsider any prior order,

---

[15] *School Dist. No. 1J Multnomah County v. AC & S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).
[16] *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).
[17] *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001).

1  IT IS ORDERED that Petitioner Kim Blandino's Motion to Reopen **[ECF No. 12] is**
2  **DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated June 13, 2022